# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. |
| | ) | 11-40002-FDS |
| JUNIOR ALEXANDER LOPEZ, | ) | 11-40009-FDS |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTIONS TO APPOINT COUNSEL AND TO
## VACATE, CORRECT, OR SET ASIDE HIS SENTENCE

**SAYLOR, J.**

Defendant Junior Alexander Lopez pleaded guilty in October 2011 to two separate and unrelated indictments. He pleaded guilty to one count of being a felon in possession of a firearm and one count of possession with intent to distribute cocaine base. In a separate indictment, he pleaded guilty to one count of conspiracy to defraud the government with respect to claims and sixteen counts of false, fictitious, and fraudulent claims. After pleading guilty, he was sentenced to a term of imprisonment.

Lopez has now moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, contending that he was unlawfully sentenced as a career offender because one of his predicate convictions was reduced (from assault and battery on a police officer to assault and battery) by the state court after he was sentenced. The state court expressly reduced the conviction in order to permit Lopez to seek a lower sentence in this Court by means of a § 2255 petition. He has also moved for appointment of counsel. For the reasons stated below, the motions will be denied.

I.   **<u>Background</u>**

On December 9, 2011, Junior Alexander Lopez pleaded guilty to two separate indictments charging him with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a); one count of conspiracy to defraud the government with respect to claims, in violation of 18 U.S.C. § 286; and sixteen counts of false, fictitious, and fraudulent claims, in violation of 18 U.S.C. § 287.

On May 10, 2012, this Court sentenced Lopez to a term of 262 months.[1] The Court determined that he was a career offender based on two prior convictions: a Worcester District Court conviction for assault and battery on a police officer and a Dudley District Court conviction for possession with intent to distribute a Class B substance in a school zone.[2] On April 10, 2013, the First Circuit affirmed his sentence.

Meanwhile, on October 18, 2012, Lopez had filed a "Motion to Set Aside Guilty Plea and Vacate Convictions with Grounds" in the Worcester District Court as to his conviction for assault and battery on a police officer. In that motion, he claimed that his counsel failed to inform him of the elements of the offense, the possible consequences of a conviction, and his possible defenses.

On March 27, 2013, the Worcester District Court reduced his sentence from assault and

---

[1] This term consisted of 120 months on Count 1 (felon in possession of a firearm) and 262 months on Count 2 (possession with intent to distribute cocaine base) in Docket #11-40002, and terms of 120 months on Count 1 (conspiracy to defraud the government) and terms of 60 months on Counts 2 through 17 (false, fictitious, and fraudulent claims) in Docket #11-40009.

[2] Lopez had another state conviction vacated just before his federal pre-sentence report was completed. On May 3, 2012, one week prior to his sentencing hearing, the Dudley District Court vacated Lopez's guilty plea in a case of witness intimidation. As a result, he was not classified as an armed career criminal in the presentence report.

battery on a police officer to assault and battery.  The hearing lasted approximately two-and-a-half minutes.  The defendant was not present.  There is no evidence that the victim of the crime was aware of the hearing or the change in disposition.

During the hearing, Lopez's counsel simply argued that Lopez was classified as a career offender and had received a lengthy sentence in federal court.  Counsel stated that if the judge granted the motion, Lopez would have the "opportunity to go back in front of Judge Saylor and try to have the sentence reduced to 18 years instead of 24 [sic]."  Counsel never mentioned any of the grounds raised in the motion, and the judge did not state any reasons for granting it.  There is no evidence that the judge who reduced the charge was the same judge who had accepted the plea in the first instance.

The entire transcript of the hearing is reproduced here:

[9:35 a.m.]

Clerk:  Alexander Lopez.

ADA:  Commonwealth.

Clerk:  This matter was on today for a motion and they turned in a plea.

Judge:  Attorney O'Hara, good morning.

O'Hara:  Good morning your honor.

Judge:  Agreed upon recommendation?

O'Hara:  Yes, you (unk) uh, Mr. Lopez is in federal custody.  I am here representing him pro bono, which I sincerely regret –

Judge:  Uh-huh.

O'Hara:  But I –

Judge:  Once I saw you here I thought, one, that it would be a federal issue and two,

3

that it would be unusual.

O'Hara: But, to make a long story short, based upon the conviction in this case he was classified as a career offender and was given a 22 year sentence. Um, by agreeing to this motion, I will have the opportunity to go back in front of Judge Saylor and try to have this sentence reduced to 18 years instead of 24.

Judge: Okay. And is, and so is the disposition going to be entered in today?

ADA: Yes, Your Honor, I believe that Mr. O'Hara signs on behalf of his client.

Judge: Waiving his presence, have authority to sign for him and the disposition. Alright, I'm inclined to allow the disposition.

ADA: I would like to submit to you one more thing from the Commonwealth's perspective.

Judge: Sure.

ADA: There were similar charges out in Dudley, the court in Dudley did a very similar type disposition and so Worcester is just following that lead, so it is by agreement.

Judge: Okay. And, um, Attorney O'Hara, your client is aware of the possible immigration consequences?

O'Hara: Yes, he's a citizen, but he is aware of the immigration consequences.

Judge: Okay. Alright, thank you. I'm gonna, the disposition will be entered, so, uh, assault and battery on a police officer will be amended to be straight assault and battery. Guilty, six months in the house of correction. Uh, count two will be dismissed, is that cor—I'm sorry (unk) I'm sorry, guilty.

O'Hara: Guilty. Concurrent sentences.

Judge: Alright, guilty, concurrent sentence. And count three, will be –

ADA: Dismissed.

Judge: – dismissed. Okay, thank you. That will be entered in this 2001 chestnut (?). And you are all (unk) okay?

ADA: Thank you very much, Your Honor.

4

> Judge: Thank you.
>
> Judge: The findings … the formal findings going to be vacated. That'll be the new disposition, that'll be the final disposition. The motion to vacate the prior findings is allowed and those'll be the findings entered into today.
>
> ADA: Thank you.
>
> 9:37 a.m.

(Gov. Mem., Ex. 2).

In July 2013, Lopez filed this motion seeking to vacate his sentence pursuant to 28 U.S.C. § 2255. Specifically, he contends that he was unlawfully subjected to a career-offender guideline sentence because one of his convictions underlying the Court's determination that he was a career offender was vacated ten months after he was originally sentenced. He also filed a motion to appoint counsel.

## II. Analysis

### A. Motion to Appoint Counsel

The Court may appoint legal counsel for financially eligible persons seeking habeas corpus under sections 2241, 2254, or 2255 when the Court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel is discretionary; a habeas defendant has no constitutional or statutory right to appointed counsel. *Jackson v. Coalter*, 337 F.3d 74, 77 n.2 (1st Cir. 2003). The statute does not set forth a standard for courts to apply in determining whether to appoint counsel. However, the First Circuit has pointed to three factors by which a court may discern the "rare" case where appointment of counsel for a habeas defendant is warranted: (1) the likelihood of success on the constitutional claim; (2) the factual complexity and legal intricacy of the claim; and (3) the ability of the prisoner to

investigate and develop the factual record necessary to the claim. *United States v. Mala*, 7 F.3d 1058, 1063-64 (1993).

Here, the likelihood-of-success factor is dispositive. As discussed below, the Court finds that none of defendant's claims are likely to merit the extraordinary remedy of habeas relief. Accordingly, the motion to appoint counsel will be denied.

**B.**     **Motion to Vacate, Set Aside, or Correct Sentence**

Pursuant to section 2255, a prisoner may file a motion to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. A court may grant post-conviction relief on the grounds that the sentence (1) was imposed in violation of the Constitution or laws of the United States, (2) was imposed by a court that lacked jurisdiction, (3) was in excess of the statutory maximum, or (4) was otherwise subject to collateral attack. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). Petitioner's claim is not based on a constitutional or jurisdictional defect and his sentence was not in excess of the statutory maximum; the claim thus must be analyzed under the fourth category. The "fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id*. (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A habeas petitioner bears the burden of establishing that he is entitled to relief under section 2255. *Id*.

As background, Section 4B1.1 of the United States Sentencing Guidelines categorizes a defendant as a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled

substance offense.

U.S.S.G. § 4B1.1(a).³ To determine whether a prior felony conviction qualifies as a crime of violence or a controlled substance offense, "a sentencing court must employ a categorical approach, examining the legal definition of the crime and not the defendant's particular conduct in committing the offense." *United States v. Davis*, 676 F.3d 3, 7-9 (1st Cir. 2012) (citing *United States v. Holloway*, 630 F.3d 252, 256 (1st Cir. 2011)). Assault and battery on a police officer under Mass. Gen. Laws ch. 265, § 13D is "categorically" a crime of violence. *United States v. Sumrall*, 690 F.3d 42, 43 (1st Cir. 2012). Assault and battery under Mass. Gen. Laws ch. 265, § 13A, on the other hand, encompasses harmful battery, offensive battery, and reckless battery. Reckless battery, which does not typically involve purposeful conduct, is not a predicate offense for the purposes of career offender status. *Davis*, 676 F.3d at 8; *see Begay v. United States*, 553 U.S. 137, 144-45 (2008). A sentencing court must therefore determine, based on "a restricted set of documents (*e.g.*, indictment, plea colloquy, jury instructions)," whether each particular assault-and-battery conviction meets the definition of "crime of violence" under the Guidelines. *Holloway*, 630 F.3d at 257 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). For present purposes, the Court will assume that defendant's reduced assault-and-battery conviction does not qualify as a "crime of violence."

The government contends that a claim of misapplication of the Sentencing Guidelines is not ordinarily cognizable under section 2255. The Eighth Circuit has held that errors of

---

³ Classification as a career offender elevates a defendant's "criminal history category in every case" to Category VI, the highest category, and increases the offense level in some cases, including this one. U.S.S.G. § 4B1.1(b). Here, defendant's past criminal conduct placed him in Category IV regardless of his categorization as a career offender; the career offender categorization increased the offense level to 37 because the statutory maximum for the offense was life imprisonment. That level was then decreased by three levels for acceptance of responsibility.

7

guideline interpretation do not constitute a "complete miscarriage of justice" under section 2255 unless the error is a "fundamental defect." *Sun Bear v. United States*, 644 F.3d 700, 705-06 (8th Cir. 2011) (*en banc*); *see also Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995) (holding that "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim"). The Seventh Circuit arrived at the same conclusion, at least as to those defendants sentenced post-*Booker*, for whom the Guidelines are advisory rather than mandatory. *Hawkins v. United States*, 706 F.3d 820, 823-24 (7th Cir. 2013), *opinion supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999) (remarking in dicta that "[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding").[4] The First Circuit has not yet ruled on the issue. *See Damon v. United States*, 732 F.3d 1, 3-4 (1st Cir. 2013) (noting *Sun Bear* and *Hawkins*).

The reasoning of the Seventh and Eighth Circuits is persuasive. Section 2255 is not intended as a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Only in rare circumstances do non-constitutional, non-jurisdictional errors warrant relief. *See Knight v. United States*, 37 F.3d 769, 773 (1st Cir. 1994). Among other things, permitting defendants to challenge guideline calculations in a § 2255 proceeding would undermine the direct-appeal process, and result in a flood of unsubstantial, indeed trivial, non-constitutional challenges. *See Gilbert v. United States*, 640 F.3d 1293, 1310

---

[4] While the Eleventh Circuit recently held that an erroneous career-offender designation is cognizable under section 2255, even post-*Booker*, that opinion has been vacated pending a rehearing *en banc*. *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013), *reh'g en banc granted, opinion vacated* (Mar. 7, 2014).

(11th Cir. 2011).

However, defendant's claim is not precisely one of guideline misapplication. His state conviction was vacated only after sentencing, and it is therefore unlikely that the First Circuit would have addressed the issue on direct appeal. *See United States v. Mateo* (*Mateo I*), 271 F.3d 11, 15 (1st Cir. 2001) (declining to consider on direct appeal a matter that arose after sentencing). The availability of direct appeal is a substantial factor in disallowing motions under section 2255 for guideline misapplication errors. *See Mateo v. United States*, 276 F. Supp. 2d 186, 195 (D. Mass. 2003) *aff'd*, 398 F.3d 126 (1st Cir. 2005). Because that route was unavailable here, section 2255 appears to be the appropriate avenue for revisiting sentences when the factors underlying the original sentence have changed. *See Custis v. United States*, 511 U.S. 485, 487 (1994) (remarking that if a state conviction used to enhance a federal sentence under the Armed Career Criminal Act is later overturned, a defendant may seek to reopen the federal sentence); *United States v. Pettiford*, 101 F.3d 199, 200-02 (1st Cir.1996) (holding that section 2255 is properly used to reopen federal sentences after state convictions underlying enhanced sentenced have been vacated); *see also Mateo v. United States* (*Mateo II*), 398 F.3d 126, 133-34 (1st Cir. 2005) (affirming resentencing of defendant after state court convictions were vacated); *Goldman v. Winn*, 565 F. Supp. 2d 200, 210-11 (D. Mass. 2008).

In any event, presuming that defendant may challenge his guideline classification under section 2255, the Court did not commit an error in making a guideline calculation based on a conviction that was later vacated. The Sentencing Guidelines advise that courts, when tallying the qualifying convictions, should not count those that "have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant" or

that "have been ruled constitutionally invalid in a prior case." U.S.S.G. § 4A1.2, cmt. n.6; *see id.* § 4B1.4 cmt. n.3 (noting that the provisions of § 4A1.2 apply "to the counting of convictions under § 4B1.1 "). However, if a conviction is set aside or a defendant pardoned "for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction," that conviction should be counted. *Id.* § 4A1.2, cmt. n.10; *see United States v. Dobovsky*, 279 F.3d 5, 6 (1st Cir. 2002). Courts have thus counted, for purposes of guideline calculations, state-court convictions that had been amended so that defendants would be eligible for more lenient federal sentences. *See, e.g.*, *United States v. Yepez*, 704 F.3d 1087, 1090-91 (9th Cir. 2012) (*en banc*) (*per curiam*) (holding that state court's termination of probation *nunc pro tunc* to day before defendant committed federal crime did not render defendant eligible for "safety-valve" relief from mandatory minimum sentence); *United States v. Martinez-Cortez*, 354 F.3d 830, 831-32 (8th Cir. 2004) (*en banc*) (finding that a district court committed error in not counting a conviction toward a defendant's criminal history points where the state court had reduced the probation term from 365 to 364 days because the state court did so "for the express purpose of avoiding a criminal history point in his federal drug sentencing"); *Matos v. United States*, 2007 WL 1462253 (D.R.I. May 16, 2007) (denying section 2255 motion based on subsequent state resentencing because the purpose was to reduce the federal sentence and not related to innocence or errors of law). In *Mateo II*, the First Circuit endorsed the approach of reviewing, pursuant to a section 2255 motion, the later-vacated state sentence based on whether that conviction is countable or not under the Guidelines. 398 F.3d at 135.

The question, therefore, is whether the state court here vacated defendant's conviction for

assault and battery on a police officer, reducing it to an assault-and-battery conviction, based on innocence or errors of law or whether it did so for other reasons. In making that assessment, the Court may examine the state court's decision to " identify the reason for the state action in order to determine whether a prior sentence should be counted." *Id.* at 137.

The motion to vacate filed in the Worcester District Court cited, as grounds for relief, trial counsel's alleged failure to inform him of the elements of the offense, the possible consequences of a conviction, and possible defenses. But at the motion hearing, defense counsel did not raise that argument. Instead, he simply asserted that vacating the conviction would allow him to seek a lower sentence in federal court. Immediately after counsel so argued, the judge stated "okay"; the court heard no further argument on the merits. The court then granted the motion to vacate and amended the disposition of the case. The court issued no written decision, and there is no formal statement of reasons for the decision.

Thus—and notwithstanding the legal arguments set forth in the written motion to vacate—the record demonstrates that the state-court decision was actually vacated to assist defendant in the federal sentencing process. It was not vacated because of innocence, an error of law, or constitutional invalidity. Accordingly, the Court properly considered defendant's conviction for assault and battery on a police officer in calculating the Guidelines range.

The practice of vacating convictions in state court for strategic purposes, in order to avoid federal sentencing consequences, continues to be a troubling phenomenon. *See United States v. Marsh*, 486 F. Supp. 2d 150, 159 (D. Mass. 2007), *aff'd*, 561 F.3d 81 (1st Cir. 2009); *cf. Brackett v. United States*, 270 F.3d 60, 64 (1st Cir. 2001) (noting that "[b]ecause the length of the federal sentences increases with prior state convictions, the sentencing guidelines have led to

a cottage industry of diligent defense counsel seeking to vacate old state convictions in order to reduce the federal sentence" and calling the efforts "problematic"). As this Court said in *Marsh*:

> A felony conviction is, and ought to be, a profoundly significant event. Its importance goes well beyond its immediate consequences, such as punishment; sentencing decisions in every jurisdiction in the United States are driven in great measure by the criminal history of the defendant. Felony convictions should neither be imposed nor overturned lightly, and under no circumstances should they be treated like a Las Vegas marriage, to be annulled when they become burdensome or inconvenient.
>
> Vacating long-standing convictions for strategic purposes also serves to erode public confidence in the criminal justice system. If the process is perceived to be readily manipulable, or even dishonest, the damage to that confidence is likely to be substantial indeed.

486 F. Supp. 2d at 159. Those concerns are equally present here. The state court made no findings (indeed, heard no argument) as to ineffective assistance of counsel or any other defect or deficiency in the original conviction. The only purpose for vacating the conviction was to attempt to influence the federal sentence.

Finally, the Court notes that while defendant's sentence is lengthy, his criminal record is extensive; it includes, among other things, a conviction for accessory after the fact to murder. He was sentenced to two different sets of criminal charges, both of which were serious and which involved weapons, drugs, and tax fraud. He has a lengthy history of substance abuse. Of course, there were mitigating factors as well, such as defendant's turbulent childhood. All told, the sentence imposed reflected the nature, circumstances, and seriousness of the offense and the history and characteristics of the defendant, promoted respect for the law, provided just punishment, protected the public, and incorporated the other factors set forth in 18 U.S.C. § 3553(a). It was appropriate at the time it was proposed, and the subsequent vacating of the conviction does not change that fact. *See Vizcaino v. United States*, 2013 WL 5977940 (D.

Mass. Nov. 8, 2013) (Saris, J.) (denying section 2255 motion based on later-vacated state conviction because that conviction did not increase the federal sentence).

In sum, the claimed error does not amount to a fundamental defect or a complete miscarriage of justice. Accordingly, the motion under section 2255 will be denied.

## III. Conclusion

For the foregoing reasons, defendant's motion to vacate, correct, or set aside his sentence is DENIED.

**So Ordered.**

Dated: October 8, 2014

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge