# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No.** |
| **v.** | ) | **11-40002-FDS** |
| | ) | |
| **JUNIOR ALEXANDER LOPEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER ON MOTION FOR REDUCTION IN SENTENCE
## PURSUANT TO THE FIRST STEP ACT OF 2018

**SAYLOR, C.J.**

This is a *pro se* motion for reduction of a criminal sentence pursuant to the First Step Act

of 2018, Pub. L. 115-391, 132 Stat. 5194. In December 2011, defendant Junior Alexander Lopez

pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §

922(g)(1) and one count of possession with intent to distribute cocaine base in violation of 21

U.S.C. § 841(a)(1).[1] He was sentenced to a term of imprisonment of 262 months, at the low end

of the applicable Sentencing Guidelines range of 262 to 327 months, to be followed by 8 years of

supervised release.[2] He has filed a motion for relief under the First Step Act of 2018, seeking to

---

[1] In a separate indictment, Docket No. 11-40009, Lopez pleaded to guilty to one count of conspiracy to defraud the government in violation of 18 U.S.C. § 286 and sixteen counts of false, fictitious, and fraudulent claims in violation of 18 U.S.C. § 287, for which he received a prison sentence of 120 months concurrent to the 262-month sentence in this case. He does not now seek to reduce his sentence under Docket No. 11-40009.

[2] The Court determined that Lopez was subject to a mandatory minimum term of 10 years and a maximum term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), based on his conviction for possession with intent to distribute more than 28 grams of cocaine base and a prior conviction for a serious drug felony. The Court further determined that he was a career offender based on prior convictions for a serious drug felony and assault and battery on a police officer (which the Worcester District Court later reduced to assault and battery). Because the statutory maximum sentence was life imprisonment, the Sentencing Guidelines offense level was 37. An additional reduction of 3 levels for acceptance of responsibility yielded an offense level score of 34, which, when coupled with

reduce his sentence to 108 months imprisonment.  For the reasons set forth below, he is not

eligible for relief, and the motion will therefore be denied.

Section 404 of the First Step Act of 2018 made the sentencing changes of the First Step

Act of 2010 retroactive.  It provides that "a court that imposed a sentence for a covered offense

may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . .

were in effect at the time the covered offense was committed."  First Step Act of 2018 § 404(b),

Pub. L. 115-391, 132 Stat. 5194.  A "covered offense" is a "violation of a Federal criminal

statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing

Act of 2010, that was committed before August 3, 2010."  Sections 2 and 3 of the Fair

Sentencing Act of 2010 raised the mandatory minimum amount of cocaine base necessary to

trigger enhanced criminal penalties under 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) and

eliminated the mandatory minimum sentence for simple possession of controlled substances

under 21 U.S.C. § 844(a).  Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372.  A

court cannot entertain a motion for relief under § 404 of the First Step Act if the sentence was

previously imposed in accordance with the amendments made by sections 2 and 3 of the Fair

Sentencing Act.  First Step Act §404(c).

Defendant is not eligible for relief under § 404 of the First Step Act.  First, his prior

conviction for possession with intent to distribute cocaine base, 21 U.S.C. § 841(a), is not a

"covered offense" because it was not committed before August 3, 2010.  The indictment to

which he pleaded guilty charged crimes that were committed on or about November 20, 2010.

Second, his original sentence was imposed in accordance with the revised penalties of the Fair

---

a criminal history category of VI, yielded the sentencing range of 262 to 327 months.  (Pre-Sentencing
Memorandum; Transcript of Sentencing, Dkt. No. 36).

Sentencing Act, which was already in effect when he was sentenced on May 10, 2012. First Step Act §404(c). [3]

Alternatively, § 401 of the First Step Act changed the definition of a predicate offense necessary to trigger the enhanced penalties of 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) from a prior conviction for a "felony drug offense" to a prior conviction for a "serious drug felony." A "felony drug offense" was defined as an offense with a maximum term of 10 years or more, regardless of the sentence actually imposed, whereas a "serious drug felony" is a "felony drug offense" where the offender actually served a term of imprisonment of more than 12 months. Defendant specifically cites this section as grounds for relief in his motion. However, § 401 does not have retroactive effect. Even if it did, he was correctly sentenced, because the relevant prior conviction (for possession with intent to distribute a Class B controlled substance within a school zone in violation of Mass. Gen. Laws ch. 94C, §§ 32A and 32J) carried a maximum term of 15 years and resulted in an actual term of imprisonment of 2 years. (Government's Information Pursuant to 21 U.S.C. § 851, Dkt. No. 24). Therefore, he is ineligible for relief under § 401 of the First Step Act.

For the foregoing reasons, defendant's motion to reduce his sentence pursuant to the First Step Act of 2018 is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor, IV

Dated: April 1, 2020                                        Chief Judge, United States District Court

---

[3] The Fair Sentencing Act raised the quantity of cocaine base necessary to trigger the applicable 10-year mandatory minimum under 21 U.S.C. §841(b)(1)(B)(iii) from 5 grams to 28 grams. Fair Sentencing Act § 2. Defendant was indicted, convicted, and sentenced under the new law for possession with intent to distribute more than 28 grams of cocaine base. (Indictment, Dkt. No. 2).